Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California [94928]
Emergency Cell: (707) 318-9929
ronc2009@gmail.com



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Cupp,<br><br>    Plaintiff,<br><br>vs.<br><br>CAL COAST CREDIT SERVICE, INC.,<br>BRANDON TIRE SUPPLY, INC.<br><br>    Defendants. | CASE NO: CV 16 3485<br><br>COMPLAINT FOR DAMAGES<br><br>VIOLATION OF 15 USC 1692 *et seq.* FDCPA;<br>VIOLATION OF 15 USC 1681 *et seq.* FCRA;<br>VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq.*<br><br>DEMAND FOR TRIAL BY JURY |

COMPLAINT

Plaintiff, Ronald Cupp, individually hereby sues Defendants CAL COAST CREDIT SERVICE, INC., AND BRANDON TIRE SUPPLY, INC. for violations of the FDCPA 15 USC §1692, violations of 15 USC §1681, and the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 15 U.S.C. §1681p, California Stat. § 1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant conducts business in the state of California and therefore, personal jurisdiction is established.

2. Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Ronald Cupp, ("CUPP") is a natural person and is a resident of Sonoma County, California.

4. Upon information and belief Defendant, CAL COAST CREDIT SERVICE, INC. ("CAL") is a corporation, authorized to do business in California, with Corporate Headquarters at 2906 MCBRIDE LANE, SANTA ROSA, CA 95403, Registered Agent (MATT BERTO) 1142 STATE FARM DRIVE, SANTA ROSA, CA 95403.

5. Upon information and belief Defendant BRANDON TIRE SUPPLY, INC. (BRANDON) is a corporation, authorized to do business in California, with Corporate Headquarters at 773 LINCOLN AVENUE, SAN RAFAEL, CA 94901, Registered Agent Sterlin Brandon at 4580 TAYLOR AVENUE, SANTA ROSA, CA 95407.

6. Defendants CAL and BRANDON are debt collectors, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6) ("FDCPA"). Defendant BRANDON is a debt collector to Plaintiff as Plaintiff has no previous business relationship with BRANDON.

7. Defendants CAL and BRANDON are entities which collects debts, bringing it within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 ("CFDCPA").

## FACTUAL ALLEGATIONS

8.  Plaintiff is a consumer per 15 U.S.C. §1692a(3) & 15 U.S.C. §1681a(c).

9.  Upon information and belief, on or about October 1, 2012; CAL in concert with BRANDON, began reporting negative information to Credit Bureaus Equifax, Experian, TransUnion. (hereinafter CRA).

10. Plaintiff has no prior or present established relationship with the Defendant CAL.

11. Plaintiff has no contractual obligation to pay Defendant CAL.

12. Plaintiff has no prior or present established relationship with the Defendant BRANDON.

13. Plaintiff has no contractual obligation to pay Defendant BRANDON.

14. On or about December 30, 2014 Plaintiff obtained his credit reports from the CRA's. This was first discovery of any reporting negative information by CAL to the CRA's.

15. On or about the week following December 30, 2014, Plaintiff had called the CRA's to verbally report the dispute of information supplied by CAL.

16. Specifically January 4, 2015 to Equifax, January 4, 2015 to TransUnion, and January 7, 2015 to Experian.

17. Plaintiff requested and received several more confirming credit reports from the CRA's between January 16, 2015 to April 22, 2015 which continued to report the erroneous and disputed information by Defendant's.

18. On or about May 4, 2015 Plaintiff sent certified disputes and demand for reinvestigation to the CRA's. (EQUIFAX 7014 1820 0000 0454 4086; TRANSUNION 7014 1820 0000 0454 4062; EXPERIAN 7014 1820 0000 0454 4079).

19. Not once did the CRA's show in their reports that the debt was disputed.

20. Plaintiff received a demand from CAL from Luke Smith dated May 28, 2015. Enclosed in the demand was a statement from an unknown vendor (not Defendant) made out to an unknown purchaser. None of the statement was signed by a person.

21. Plaintiff sent a notice of Dispute to CAL requesting verification and validation of the debt on June 22, 2015 certified mail 7014 1820 0000 0454 4208.

22. Plaintiff again received a new demand from CAL from Luke Smith dated June 24, 2015. Included in the demand was the previous statement from an unknown vendor made out to an unknown purchaser. Also included in the verification was a signed statement from an unknown purchaser.

23. Plaintiff called CAL on June 30, 2015 and talked to someone who stated he was the Office Manager. The Office Manager stated Luke Smith did not work there. They used his name as an "Open Desk" for their collection procedure. The Office Manger stated Plaintiff owed CAL. Plaintiff again verbally on the phone disputed the debt.

24. On or about August 20, 2015 Plaintiff received notification from Experian report number 2414-2742-96 that CAL deleted negative information from the CRA's.

25. On or about April 2016 Plaintiff went to Defendant CAL's office to give notice of intent to commence action. It was Plaintiff's contention to attempt to offer settlement. Plaintiff talked to a person (George-Asian Man) who claimed he was Office Manager. Plaintiff believes it to be the man who he talked to on June 30, 2015. He stated he was part owner and his partner was an attorney who would 'straighten me out'. Plaintiff left the office.

### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2), (5), (8) and (10) BY DEFENDANTS CAL, AND BRANDON.

26. Plaintiff alleges and incorporates the information in all previous paragraphs.

27. Plaintiff is a consumer per 15 U.S.C. §1692a(3).

28. Defendants are debt collectors per 15 U.S.C. §1692a(6).

29. Both Defendants continued to attempt to collect an unknown debt, by submitting a demand from an unknown debt collector (seller) to unknown consumer, even after demand for validation per 15 U.S.C. §1692g.

30. Both Defendants continued to report this debt on Plaintiffs credit report to all three CRA's, not showing the debt was disputed per 15 U.S.C. §1692g.

31. Both Defendants violated 15 U.S.C. §1692e(2) The false representation of – (A) the character, amount, or legal status of any debt.

32. Both Defendants violated 15 U.S.C. §1692e(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

33. Both Defendants violated 15 U.S.C. §1692e(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

34. Both Defendants violated 15 U.S.C. §1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Both Defendants violated 15 U.S.C. §1692e(11) The failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for the purpose.

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against both defendants CAL and BRANDON, jointly and severally; for the following:

A. Statutory damages pursuant to 15 U.S.C. §1692k; $1,000 for each Defendant;

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

C. For such other and further relief as the court may deem just and proper.

## COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692g(a) BY DEFENDANTS CAL, AND BRANDON.

36. Plaintiff alleges and incorporates the information in all previous paragraphs.

37. Plaintiff is a consumer per 15 U.S.C. §1692a(3).

38. Reporting to the CRA's is an initial communication.

39. Reporting to the CRA's is an attempt to collect a debt.

40. Reporting to the CRA's invokes duty and obligation under 15 U.S.C. §1692g(a), to contact the consumer within five days with a written notice giving the consumer a chance to dispute the debt under 15 U.S.C. §1692g(b).

41. Not once did the reporting by CRA's inform the public the debt is disputed.

42. Neither Defendant performed their known duty and obligation to contact Plaintiff.

43. Both Defendants violated 15 U.S.C. §1692e(11) The failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for the purpose.

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against both defendants CAL and BRANDON, jointly and severally; for the following:

A. Statutory damages pursuant to 15 U.S.C. §1692k; $1,000 for each Defendant;

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

C. For such other and further relief as the court may deem just and proper.

## COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681s-2(b) BY DEFENDANT CAL.

44. Plaintiff alleges and incorporates the information in all previous paragraphs.

45. Plaintiff is a consumer per 15 U.S.C. §1681a(c).

46. Defendant CAL is a "credit furnisher" within the meaning of the 15

U.S.C.§1681s-2. 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a(d).

47. The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency CRA notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy.

48. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:
   a. to conduct "an investigation" with respect to the disputed information;
   b. to "review all relevant information" provided by the credit reporting agency;
   c. to "report the results of its investigation" back to the credit reporting agency;
   d. if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and
   e. to "modify,...delete...or...permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).

49. In §1681s-2(b) duties arise only after a furnisher receives notice of dispute

from a CRA. Notice of a dispute to a furnisher by a consumer directly does *not* trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation *under the FCRA* to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. *Such a dispute, it should be noted, does create a legal obligation under §1692g of the FDCPA* which Plaintiff served upon defendant CAL.

50. Plaintiff notified Defendant CAL of its dispute by phone and writing, and defendant CAL also received notice from the three major credit reporting agencies Equifax, Experian and Transunion. Defendant CAL failed to correct or delete information found to be inaccurate and erroneous, and or failed to properly investigate Plaintiff's disputes.

51. Plaintiff filed disputes with the CRA's, specifically January 4, 2015 to Equifax, January 4, 2015 to TransUnion, and January 7, 2015 to Experian. This created a duty and obligation upon the furnisher to investigate.

52. On or about May 4, 2015 Plaintiff sent certified disputes and demand for reinvestigation to the CRA's. (EQUIFAX 7014 1820 0000 0454 4086; TRANSUNION 7014 1820 0000 0454 4062; EXPERIAN 7014 1820 0000 0454 4079).

53. This imposed a heightened duty and obligation for the furnisher to reinvestigate. Plaintiff alleges that at all relevant times Defendant CAL failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b). Plaintiff alleges that Defendant CAL failed to conduct a proper and lawful reinvestigation.

54. Plaintiff was denied credit from information contained in the CRA reports. All actions taken by the Defendant CAL thru the CRA's were done with malice, were done

willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

55.  Defendant CAL violated the FCRA 15 U.S.C. §1681s-2(b) by continuing their representation within Plaintiff's credit file with all CRA's without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the CAL representation by failing to review all relevant information regarding same; by failing to accurately respond to the CRA's; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the CAL representations to the CRA's.

56.  As a result of this conduct, action and inaction of CAL, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials and inaccurate CRA reporting's to general public.

57.  CAL's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

58.  Plaintiff's letter of May 4, 2015 demanding reinvestigation conferred a known duty and obligation on CAL. On or about August 20, 2015 Plaintiff received notification from Experian report number 2414-2742-96 that CAL deleted negative information from the CRA's.

Defendant CAL continued to report inaccurate information to the CRA's, certifying to each CRA the information was accurate. This intentional violation continued from June 4, 2015 (30 days from reinvestigation letter of May 4, 2015), to August 20, 2015; or a total of 4 months (reporting periods CAL certifying inaccurate information). Each violation carries with it a $1,000 statutory damage per month, per reporting to each CRA. In this case the inaccurate reporting is for all three CRA's (Equifax, Experian and TransUnion).

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against defendant CAL; for the following:

A. Statutory damages pursuant to 15 U.S.C. §1681n; $1,000 for each month of inaccurate reporting (4 months) to each CRA (3 total) for a total of : $12,000.

B. Punitive damages to be determined at trial;

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1681n;

D. For such other and further relief as the court may deem just and proper.

## COUNT IV
### VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAFDCPA), CC §1788 BY DEFENDANTS CAL AND BRANDON.

59. Plaintiff alleges and incorporates the information in all previous paragraphs.

60. Plaintiff is a consumer within the meaning of 15 U.S.C. 1692a(3).

61. Defendant is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. §1788(f).

62. The account in question is a consumer credit transaction as defined by Cal. Civ. §1788.2(e) as Plaintiff has allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

63. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

64. Defendant violated the §1788.17 of the CFDCPA by continuously failing to comply with the statutory regulations contained with the FDCPA 15 USC §1692 *et seq.* as outlined above.

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against both defendants CAL and BRANDON, jointly and severally; for the following:

A. Statutory damages pursuant to §1788.30(b); $1,000 for each Defendant;

B. Costs and reasonable attorney fees pursuant to §1788.30(c);

C. For such other and further relief as the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 22, 2016                    Respectfully submitted

RONALD CUPP
150 Raley Town Center Ste 2512
Rohnert Park, California [94928]
707-318-9929 emergency cell
ronc2009@gmail.com