PATRICK J. McNEIL, Esq. SBN 057773
McNeil, Silveira, Rice & Wiley
55 Professional Center Parkway, Suite A
San Rafael, California 94903
Telephone: 415-472-3434
Facsimile:  415-472-1298

Attorneys for Defendant
BRANDON TIRE SUPPLY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD CUPP,<br><br>          Plaintiff,<br><br>     v.<br><br>CAL COAST CREDIT SERVICE, INC.<br>and BRANDON TIRE SUPPLY, INC.,<br><br>          Defendants.<br>_____ | Case No. 16-CV-03485 WHO<br><br>**DEFENDANT BRANDON TIRE SUPPLY, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT**<br><br>Date:  August 24, 2016<br>Time:  9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Before: Hon. William H. Orrick |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on August 24, 2016 at 9:00 AM, or as soon thereafter as the parties may be heard in Courtroom 2, 17th Floor, of the Philip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, before the Honorable William H. Orrick, Defendant Brandon Tire Supply, Inc. ("Brandon" or "Defendant"), by and through its attorneys of record, will and hereby does move this Court for an order dismissing certain claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and in the alternative, for a more definite statement, pursuant to Federal Rule of Civil Procedure 8(e).  As permitted by Rule 12(b), Brandon files this motion in lieu of an

- 1 -

answer the allegations in Plaintiff's complaint.

Defendant Brandon's motion is based upon this notice, the memorandum of points and authorities in support thereof, the pleadings on file in this matter, and such oral argument as the Court may permit.  Pursuant to Civil Local Rule 7-3, any opposition is due within fourteen days of the filing and service of this motion.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's complaint alleges three causes of action against Defendant Brandon, two based upon the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq.*, and one based upon the California Rosenthal Act, Cal. Civil Code section 1788, *et seq*.  Plaintiff also alleges a fourth cause of action against Defendant Cal Coast Credit Services, Inc. ("Cal Credit") only for violation of the Fair Credit Reporting Act, which is not subject to this motion.

None of Plaintiff's claims against Brandon state a claim upon which relief can be granted.  Plaintiff has not, because he cannot, plead any facts at all to show that: (1) Brandon has engaged in activity to collect a consumer debt; (2) Brandon qualifies as a "debt collector" under the FDCPA; or that (3) Brandon has engaged in any activity that would violate FDCPA or the Rosenthal Act at all.

Not only does Plaintiff fail to plead the required elements for any of the three claims brought against Brandon, but Plaintiff also fails to provide any factual allegations against Brandon at all.  Instead, Plaintiff opens his complaint with a general statement that Defendants Cal Credit and Brandon have violated the FDCPA and Rosenthal Act by "repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt"  (Complaint at 1:25-26) and then continues over 10 pages citing various statutory authorities and conclusory statements, and but never once makes any factual allegation about anything that Brandon allegedly did.  Notably, Plaintiff never even identifies the amount or creditor named in the allegedly "erroneous and disputed information" he received from Equifax, TransUnion, and Experian. (Complaint, ¶ 17)

1  Each of Plaintiff's three claims are missing allegations of essential elements and also fail
2  to provide sufficient (or any) factual allegations to support the elements that are pled. Plaintiff's
3  complaint fails on every front and should be dismissed.

## II.   ARGUMENT

In order to survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). To meet that standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Moreover, although courts accept well-pled facts as true when deciding Rule 12(b) motions, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 U.S. 556 U.S. 678 (2009). A reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id* at 679. This Complaint, wholly made up of conclusory allegations, lacks both a cognizable legal theory and any facts sufficient to support a cognizable legal theory. Therefore, the Complaint should be dismissed.

### A.   Plaintiff's Complaint Fails to State a Claim Against Brandon Under FDCPA

The Complaint's first and third causes of action are both brought under FDCPA. In order to state a claim under FDCPA, "a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a `debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Adesokan v. U.S. Bank, N.A.*, No. 11-cv-01236-LJO-SKO, 2011 WL 5341178, at *6 (E.D. Cal. Oct. 31, 2011). Plaintiff has failed to allege sufficient facts to establish any of the three required elements of its FDCPA claim against Brandon.

1. <u>There is no allegation regarding collection of a consumer debt under FDCPA</u>.

The Complaint's first and third Causes of action fail to allege that Brandon engaged in collection activity regarding a consumer debt. Even though Plaintiff alleges that on June 24, 2015, after Plaintiff requested validation of debt from Defendant Cal Credit, Cal Credit provided Plaintiff with "a statement from an unknown vendor made out to an unknown purchaser." (Complaint, ¶ 22) The Complaint does not include the statement as an exhibit or even an allegation that the "unknown debtor" is an individual, as opposed to a commercial entity. The Complaint does not allege the name of the claimed vendor/original creditor, name of the purchaser/debtor, amount of underlying debt at issue, date of underlying transaction, or any other information that could show that the underlying debt was in fact a consumer debt to which Plaintiff's FDCPA claim (or Rosenthal Act claim) would apply. Moreover, the Complaint does not include even a single allegation that describes Defendant Brandon's connection to the debt, the alleged collection activities, or Cal Credit.

2. <u>There is no sufficient allegation to support Plaintiff's conclusion that Brandon is a "debt collector" under FDCPA</u>.

The FDCPA defines "debt collector" as one who collects consumer debts owed to another. 15 U.S.C. § 1692(a)(6). The allegation that Brandon is a debt collector subject to FDCPA is puzzling. The Complaint alleges:

> Defendants CAL and BRANDON are debt collectors, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6) ("FDCPA").  Defendant BRANDON is a debt collector to Plaintiff, as Plaintiff has no previous business relationship with BRANDON. (Complaint ¶6)

The allegation begins with a conclusory allegation that Brandon falls within the ambit of the statute, followed by a declaration that Plaintiff "has no previous business relationship with BRANDON" and alleges that somehow makes Brandon a "debt collector as to Plaintiff." (*Id*. at ¶ 6) The idea that not having a previous business relationship with a defendant makes the defendant a debt collector as to a plaintiff—particularly with no allegation that the defendant has engaged in any collection activity—has no basis in law.

///

If the allegation is actually an implied argument that Brandon is listed as the original creditor of the disputed debt—which is not alleged—and that, because Plaintiff denies the obligation or any "previous business relationship," he can transform Brandon into a debt collector, the claim still fails.  The allegation denying any business relationship does not allow Plaintiff to escape prior Northern District decisions finding that even when creditors engaged in activity to collect their own debts, they are not "debt collectors" under FDCPA.  (*See, e.g.*, *Fonua v. First Allied Funding*, No. C 09-497 SI, 2009 WL 816291, at *4 (N.D. Cal. Mar. 27, 2009), "The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors.")  The Complaint's odd statement denying any business relationship between the Plaintiff and Defendant Brandon makes it more curious that Plaintiff chose not to identify the creditor claiming the disputed debt underlying Plaintiff's claims.

       3.     <u>The Complaint fails to allege any incident of actionable collection activity</u>.

The Complaint does not include any factual allegation describing an action by Brandon.  Rather, Plaintiff describes communications with credit reporting agencies Equifax, Experian, and TransUnion (collectively, "CRAs") that allegedly occurred between December 30, 2014 and August 20, 2015 (*See*, Complaint, ¶¶ 14-19, 24) and Plaintiff's communications with Cal Credit that allegedly occurred between May 28, 2015 and April 2016 (Complaint, ¶¶ 20-23, 25).  None of those allegations include any reference to Brandon.

In fact, the only semi-factual allegation that Brandon engaged in collection activity is that "[u]pon information and belief, on or about October 1, 2012; CAL in concert with BRANDON, began reporting negative information to Credit Bureaus Equifax, Experian, TransUnion."  (Complaint, ¶ 9)  Not only does the allegation hinge on Plaintiff's unsubstantiated belief that Defendant Cal Credit reported negative information "in concert" with Brandon, but, even if accepted as true, and even if the underlying debt was a consumer debt, and even if Brandon was a debt collector subject to FDCPA, an October 1, 2012 report to credit reporting agencies made by Cal Credit "in concert" with Brandon is still insufficient to constitute actionable conduct under FDCPA, for multiple reasons.

First, even if a 2012 report to CRAs made by Cal Credit "in concert" with Brandon could constitute an action by Brandon, it would be time barred.  "A claim under the FDCPA must be brought 'within one year from the date on which the violation occurs.'" *Lyons v. Michael & Associates*, No. 13-56657, WL 3192623, at *5 (9th Cir. June 8, 2016) (quoting 15 U.S.C. § 1692k(d)).  The statute of limitations for FDCPA claims begins to run upon discovery of the violation. *Lyons v. Michael & Associates,* at 10.  Therefore, even if Plaintiff's sole conduct-related allegation, regarding the 2012 report, could form the basis of liability, it is too old.  Plaintiff alleges that he discovered the negative information on his credit report on or about December 30, 2014. (Complaint, ¶ 14)  Plaintiff did not file his complaint until June 22, 2016—nearly 18 months later.

Second, notwithstanding the untimely filing, the Complaint makes clear that it was Cal Credit that reported the underlying debt to credit reporting agencies—not Brandon.  Plaintiff repeatedly refers to "negative information" provided by Cal Credit (Complaint, ¶¶ 14, 15).  Plaintiff also details his numerous disputes—which were only made to the three credit reporting agencies and Cal Credit. (Complaint, ¶¶15-16, 18, 21, and 23)  Plaintiff further alleges that on or about August 20, 2015, he received notice that "CAL deleted negative information from the CRA's."

Notably, the Complaint does not name Brandon in the cause of action alleging violation of the Fair Credit Reporting Act—because Brandon did not furnish the information to the CRAs.  Plaintiff does not allege any special relationship between Cal Credit and Brandon such that Brandon would be vicariously liable for Cal Credit's reporting activity.  In fact, Plaintiff's Complaint is devoid of any allegation that Brandon has a connection to or has interacted with Plaintiff at all.  Plaintiff alleges only that he "has no prior or present established relationship" with Brandon (Complaint, ¶ 12) and that he "has no contractual obligation to pay" Brandon (*Id*. at ¶13).

    4.    <u>Plaintiff's First Cause of Action, brought under FDCPA, cannot stand</u>.

The allegation regarding the 2012 report of negative credit information goes nowhere and

certainly cannot support Plaintiff's two separate claims against Brandon alleging violation of FDCPA. The first claim alleges violations of 15 U.S.C. §1692e, specifically:

- Both Defendants [Cal Credit and Brandon] violated 15 U.S.C. § 1692e(2) The false representation of – (A) the character, amount or legal status of any debt. (Complaint, ¶ 31)
- Both Defendants violated 15 U.S.C. § 1692e(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. (Complaint, ¶ 32)
- Both Defendants violated 15 U.S.C. § 1692e(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. (Complaint, ¶ 33)
- Both Defendants violated 15 U.S.C. § 1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer. (Complaint, ¶ 34)

Even if Cal Credit's alleged action "in concert" with Brandon was more recent and also accepted as true, it does not support any of the above theories of liability.

5. <u>The Third Cause of Action—also under FDCPA—fails for the same reasons</u>.

The third cause of action, which alleges violation of 15 U.S.C. §1692g, should be dismissed as to Brandon for the same reasons as the first cause of action. Plaintiff has failed to state facts that amount to actionable conduct or omission by Brandon under FDCPA, and, to the extent that any such conduct was sufficiently alleged, the claim is time barred.

15 U.S.C. section 1692g requires debt collectors covered under FDCPA—which Brandon is not—to furnish a notice providing information regarding a debt "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt." *Id*. In support of its third cause of action, the complaint alleges: "Reporting to the CRA's is an initial communication." (Complaint, ¶ 38) The Complaint goes on to allege that "Reporting to the CRA's is an attempt to collect a debt" (*Id*. at ¶ 39) and that "Neither Defendant performed their

known duty and obligation to contact Plaintiff." (*Id*. at ¶ 42) One, of many problems with this pleading, is that the Complaint only alleges that Brandon was even somewhat involved in the 2012 reporting to CRAs (*Id*. at ¶ 9), which Plaintiff discovered around December 2014 (*Id*. at ¶ 14), making the claim time barred as to Brandon.

Moreover, even if a report to a CRA constituted an "initial communication" as Plaintiff claims, there is no allegation that Brandon furnished negative credit information to any CRA or communicated with Plaintiff at all, and therefore, there never was an initial communication by Brandon to start the five-day clock.

### B. The Complaint Also Fails to a State Rosenthal Act Claim Against Brandon

The Complaint's fourth cause of action is alleged against both Brandon and Cal Credit for claimed violations of California's Rosenthal Act. The Rosenthal Act is intended to "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1.

The fourth cause of action relies completely on two allegations: (1) that "Defendant violated the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff" (Complaint, ¶ 63); and (2) that "Defendant violated the §1788.17 of the CFDCPA by continuously failing to comply with the statutory regulations contained with the FDCPA 15 USC §1692 et seq." (Complaint, ¶ 64)

Because Plaintiff's claims under FDCPA fail against Brandon, they cannot serve as a predicate for liability under the Rosenthal Act. Therefore, to the extent that the complaint alleges a violation of the Rosenthal Act based on the alleged violation of the FDCPA, those claims fail. (*See*, *e.g.*, *Diaz v. Kubler Corp*., 785 F.3d 1326, 1328 (9th Cir. 2015))

The second alleged basis for the fourth cause of action also fails because, as shown above, the complaint does not contain a single factual allegation that Brandon engaged in collection activity at all—much less harassing, oppressive, or abusive conduct.

///

Finally, the Rosenthal Act carries the same one-year statute of limitation as the FDCPA. *Komarova v. National Credit Acceptance, Inc*. 175 Cal. 4th 324, 343 (2009); Cal. Civil Code §1788.30(f). To the extent that Plaintiff has pled that Brandon engaged in collection activity when Cal Credit reported a negative credit history to CRAs "in concert with Brandon" in 2012 (Complaint, ¶ 9) and Plaintiff discovered the negative report in December 2014 (*Id*. at 14). Therefore, as to Brandon, Plaintiff's Fourth Cause of Action is time barred, like the first and third causes of action.

## CONCLUSION

The complaint lacks merit and, for the foregoing reasons, should be dismissed. In the alternative, if the Court is not inclined to grant Defendant Brandon Tire Supply, Inc.'s motion to dismiss the First, Third, and Fourth Causes of Action against it, Defendant Brandon respectfully requests that the Court order plaintiff to provide a more definite statement under Rule 12(e) before Brandon is required to respond. As pled, the complaint fails to provide Defendant Brandon with fair notice of the claims against it, in addition to the allegations being insufficient to state a plausible claim for relief.

Respectfully submitted,

Dated: July 14, 2016              McNeil, Silveira, Rice & Wiley

By     /s/Patrick J. McNeil
       Attorneys for Def. Brandon Tire Supply, Inc.