UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br><br>    Plaintiff,<br><br>    v.<br><br>CAL COAST CREDIT SERVICE, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-03485-WHO<br><br>**ORDER GRANTING BRANDON TIRE SUPPLY, INC.'S MOTION TO DISMISS, DENYING RONALD CUPP'S MOTION FOR DEFAULT JUDGMENT, SETTING ASIDE DEFAULT AGAINST CAL COAST CREDIT SERVICE, INC., AND VACATING AS MOOT CAL COAST CREDIT SERVICE, INC.'S MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. Nos. 12, 15, 20 |

## INTRODUCTION

Ronald Cupp, appearing pro se, sues Cal Coast Credit Service, Inc. ("Cal Coast") and Brandon Tire Supply, Inc. ("Brandon") alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), and the California Rosenthal Fair Debt Collections Act ("Rosenthal Act") against both defendants, and a violation of the Fair Credit Reporting Act ("FCRA") against Cal Coast. In light of documents Cupp attached to his Opposition, it appears that Cupp's debt is commercial and that he lacks standing to sue under consumer debt collection statutes.[1] It also appears that his FCRA claim against Cal Coast is without merit. Because his complaint does not plausibly allege facts showing that the injury he suffered may be redressed by a favorable decision, a prerequisite for standing, I GRANT Brandon's motion to dismiss, DENY Cupp's motion for a default

---

[1] I consider the Exhibits attached to Cupp's Opposition under the incorporation by reference doctrine. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (Under the incorporation by reference doctrine a court may take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."). Cupp references and relies on these documents in his complaint, and obviously does not dispute their authenticity, so I will treat them as admissions.

judgment against Cal Coast, SET ASIDE the default because Cupp will have to re-plead his claims, and GRANT Cupp leave to amend within twenty days. The hearing set for August 24, 2016 is VACATED.

**BACKGROUND**

Cupp alleges that on or about October 1, 2012, Cal Coast, "in concert with Brandon, began reporting negative information to Credit Bureaus Equifax, Experian, [and] TransUnion" ("CRAs"). Compl. ¶ 9, (Dkt. No. 1). He represents that on or about December 30, 2014, he obtained his credit reports from the CRAs at which point he realized, for the first time, that Cal Coast had reported negative information about him to the CRAs. *Id.* ¶ 14. He called the CRAs between January 4-7, 2015 to verbally dispute the information in his credit reports. *Id.* ¶ 16. On May 4, 2015, he sent "certified disputes and demand for reinvestigation" to the CRAs. *Id.* ¶ 18.

Cupp alleges that on May 28, 2015, he received a demand letter from Cal Coast and that the demand included "a statement from an unknown vendor (not Defendant) made out to an unknown purchaser." *Id.* ¶ 20. On June 22, 2016, he sent a letter of dispute directly to Cal Coast requesting verification and validation of this debt. *Id.* ¶ 21. In response, he received another letter from Cal Coast on June 24, 2016 including the same invoice statement and a signed statement from "an unknown purchaser." *Id.* ¶ 22. Cupp called Cal Coast on June 30, 2016 to again dispute his debt. *Id.* ¶ 23. On or about August 20, 2015, he received notice from Experian that Cal Coast had deleted negative information about him in its reports to the CRAs. *Id.* ¶ 24.

Based on these alleged facts, Cupp brings claims against Cal Coast and Brandon for violations of the FDCPA, and Rosenthal Act and a claim against Cal Coast for violations of the FCRA. Brandon has moved to dismiss Cupp's claims.[2] Cal Coast did not file a timely response to

---

[2] In support of its motion to dismiss, Brandon requests that the court take judicial notice of the "Business Entity Detail" of Cupp Bros. Construction, Inc., a record from the California Secretary of State website. Brandon Request for Judicial Notice ("RJN"), Ex. A (Dkt. No. 19). Pursuant to Federal Rule of Evidence 201 at any stage in a proceeding, a court may take judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b). "[R]esults of records searches from the Secretary of State for the State of California corporate search website can be determined by readily accessible resources whose accuracy cannot reasonably be questioned." *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (taking judicial

Cupp's complaint and default has been entered against it.[3]  I must now determine whether to grant Brandon's motion to dismiss and whether to grant Cupp's motion to enter default judgment against Cal Coast based on the allegations pleaded in the complaint.

**LEGAL STANDARD**

**I.     MOTION TO DISMISS**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  When ruling on a 12(b)(6) motion to dismiss a court must consider the complaint in its

---

notice of a "Business Entity Detail" record submitted in support of a motion to dismiss).  As the Cupp Bros. record is not subject to reasonable dispute and is relevant to the pending motions I now GRANT Brandon's request for judicial notice of Exhibit A.  Brandon also requests judicial notice of a contractor's license detail and a California Superior Court order finding that Cupp is a vexatious litigant.  Brandon RJN, Ex. B-C.  These documents are not relevant to determining the pending motions, and I DENY Brandon's request for judicial notice of Exhibits B and C.

[3] On August 22, 2016 Cal Coast moved to set aside the default, arguing that it was not properly served.  Dkt. No. 20.  In light of my order setting aside the default so that Cupp may replead his claims, this motion is MOOT.

1  entirety, as well as "documents incorporated into the complaint by reference, and matters of which
2  a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322
3  (2007).

4  If the court dismisses the complaint, it "should grant leave to amend even if no request to
5  amend the pleading was made, unless it determines that the pleading could not possibly be cured
6  by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making
7  this determination, the court should consider factors such as "the presence or absence of undue
8  delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,
9  undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport
10 Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

11 Pro se complaints are held to "less stringent standards than formal pleadings drafted by
12 lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the
13 Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of
14 any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se
15 pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim
16 has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II. MOTION FOR DEFAULT JUDGMENT

Under Rule 55(b)(2), a district court may enter default judgment against a party if the clerk has previously entered the party's default. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldave v. Aldave*, 616 F.2d 1089, 1092 (9th Cir. 2002). "In applying this discretionary standard, default judgments are more often granted than denied." *Phillip Morris USA v. Castworld Prods.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

4

Procedures favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Before entering judgment against a party who has failed to plead or otherwise defend, a district court has an "affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A court must consider any issues regarding the adequacy of a plaintiff's standing, as Article III standing is a threshold issue that addresses a court's subject matter jurisdiction to hear a case. U.S. Const. art. III § 2, cl. 1.

To establish standing a plaintiff must plead facts to establish three elements: (1) an injury in fact, meaning an invasion of a legally protected interest which is concrete and particularized and actual or imminent, (2) a causal connection between the injury and the conduct complained of, and (3) the likelihood that the injury may be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

## DISCUSSION

### I. CUPP'S FDCPA CLAIMS

Cupp has not alleged sufficient facts to establish standing under the FDCPA. The FDCPA regulates the means and methods that debt collectors may use to collect consumer debts. Under the act a "debt" is defined as "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C.A. § 1692(a)(5).

Cupp does not allege any facts indicating that the "debt" at issue is a consumer debt. In the complaint, he asserts that Cal Coast sought to collect on a debt related to "a statement from an unknown vendor (not Defendant) made out to an unknown purchaser." Compl. ¶ 20. He does not provide any information regarding what the invoice was for, or the amount of the debt at issue. He does not allege the identities of the vendor or purchaser apart from saying that these individuals were "unknown." *Id.* ¶ 20.

Not only has Cupp alleged no facts indicating that the debt at issue is a consumer debt, but Exhibit A to Cupp's Opposition suggests that the debt is in fact a business debt. Exhibit A, the "statement from an unknown vendor" Cupp references in his complaint, is an invoice from

5

"Brandon Tire" to "Cupp Brothers" for service repairs on a truck. Cupp Opposition ("Oppo."), Ex. A (Dkt. No. 16). Cupp continues to assert in his Opposition that "Brandon Tire" and "Cupp Brothers" are unknown entities. *Id.* ¶ 5. But this is implausible. "Brandon Tire" is unmistakably the normal business name of defendant Brandon Tire Supply Inc., and "Cupp Brothers" is unmistakably Cupp's own business Cupp Brothers Construction, Inc. Brandon RJN, EX. A; Oppo., Ex. A. As the debt was incurred by "Cupp Brothers," Cupp's construction business, it appears that the debt is a business debt, and not a consumer debt. Oppo. Ex. A.

Because Cupp has not alleged any facts to demonstrate that defendants sought a consumer "debt" from him, and, because the Brandon Tire invoice suggests that the debt at issue is in fact a business debt, Cupp has not pleaded sufficient facts to establish standing to bring a claim under the FDCPA. I therefore GRANT Brandon's motion to dismiss Cupp's FDCPA claims. And I DENY Cupp's motion for default judgment against Cal Coast on the FDCPA claims as I cannot enter a valid judgment against either defendant on these claims.

## II. CUPP'S ROSENTHAL ACT CLAIMS

Cupp has similarly failed to establish standing under the Rosenthal Act. As with the FDCPA, the Rosenthal Act relates only to debt collection practices on consumer debts, or debts relating to "property, services or money [] acquired on credit . . . primarily for personal, family, or household purposes." He has alleged no facts in support of his conclusory claim that defendants seek to recover a "consumer debt" from him because he "allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal family or household purposes." Compl. ¶ 60-62. As discussed above, Cupp alleges no facts about the debt at issue and claims only, implausibly, that the debt was from an "unknown vendor (not Defendant) made out to an unknown purchaser." *Id.* ¶ 20.

Further, as discussed above, the Brandon Tire invoice, attached as Exhibit A to Cupp's Opposition, indicates that contrary to Cupp's conclusory allegations, the debt at issue is a business debt, as it was incurred by Cupp Brothers, Cupp's Construction business, for repairs to a truck. Oppo. Ex. A.

As Cupp has not alleged facts sufficient to show that the debt at issue was a consumer debt

1  as defined by the Rosenthal Act, and because the Brandon Tire invoice indicates that the debt was
2  in fact a business debt, Cupp has failed to allege standing under the Rosenthal Act.  I GRANT
3  Brandon's motion to dismiss Cupp's Rosenthal Act claim and DENY Cupp's motion for default
4  judgment against Cal Coast with regards to the Rosenthal Act claim as I cannot enter a valid
5  judgment on these claims against either defendant.

### III.  CUPP'S FCRA CLAIM

Cupp brings an FCRA claim against Cal Coast for allegedly failing to report to the CRAs that negative information about Cupp was in dispute and for failing to timely reinvestigate the accuracy of the information.  Compl. ¶ 55.  Cupp has not alleged facts sufficient to state a claim under the FCRA and therefore does not have standing to bring this claim.

Under Section 1681s-2(a) of the FCRA a furnisher of credit has various obligations to ensure accurate reporting of consumer credit information to the CRAs, which include indicating if a debt is disputed when reporting it to the CRAs.  15 U.S.C. §1681s-2(a).  However, there is no private cause of action for violations of Section 1681s-2(a) and it is "enforced exclusively" by Federal agencies.  15 U.S.C. §1681s-2(c), (d).

Consumers have a limited cause of action against credit furnishers outlined by Section 1681s-2(b).  Under this section if a CRA notifies a furnisher that a consumer has disputed certain information in the consumer's report, the furnisher has an obligation to (a) conduct an investigation into the disputed information; (b) review all relevant information provided by the CRA; (c) report the results of the investigation within 30 days to the CRA; (d) if the investigation finds that information is incomplete or inaccurate, report those results to other consumer agencies; and (e) if any information is incomplete, modify or delete the information.  15 U.S.C. §1681s-2(b).  A consumer may bring a claim against a furnisher for a willful or negligent violation of Section 1681s-2(b).

Cupp alleges that he filed a certified dispute with the CRAs on May 4, 2015 regarding the negative information that Cal Coast had reported.  Compl. ¶ 18.  He next alleges that he received a "demand" from Cal Coast on May 28, 2015 which included the original invoice for a disputed debt which was from an "unknown vendor" to an "unknown purchaser.  Id. ¶ 20.  Cupp alleges he

7

next sent a notice of dispute directly to Cal Coast on June 22, 2015 requesting verification and validation of the debt. *Id.* ¶ 21. Cupp then received a new "demand" with the same invoice now including a signature page from an "unknown purchaser." *Id.* ¶ 22. Then, on June 30, 2015 Cupp called Cal Coast to again dispute the debt. *Id.* ¶ 30. On August 20, 2015 he finally received notice from Experian that Cal Coast had deleted negative information about him in his reports. *Id.* ¶ 25. Based on this conduct, Cupp alleges 12 separate willful violations of section 1681s-2(b) or "$1,000 for each month of inaccurate reporting (4 months) to each CRA (3 total) for a total of $12,000." *Id.* ¶ 58.

These facts are insufficient to state a claim for a violation of 1681s-2(b). Assuming that the CRAs notified Cal Coast of Cupp's dispute shortly after May 4, 2015 Cal Coast would have been obligated to investigate the dispute and report its findings back to the CRAs within approximately 30 days. If it were to find any inaccuracies, it would also have been obligated to notify the CRAs of those inaccuracies and make any necessary modification or deletions to correct the information. If, however, it did not discover any inaccuracies, then its only obligations would have been to investigate the dispute and report its findings to the CRAs.

Cupp does not allege any facts showing that Cal Coast failed to conduct an investigation or report its findings to the CRAs. Instead, the facts he outlines indicate that Cal Coast investigated the dispute and attempted to resolve the issue. Cal Coast sent Cupp verification of the debt at issue on May 28, 2015, Compl. ¶ 20, 22, which suggests that Cal Coast investigated Cupp's dispute in May (within the timeframe outlined by section 1681s-2(b)), determined that the debt at issue was valid, and attempted to provide verification and clarification of the debt to Cupp. Assuming Cal Coast notified the CRAs of the results of its investigation--and Cupp has not alleged any facts indicating otherwise--then it fulfilled its obligations under the FCRA.

Cupp alleges that after May he continued to dispute the debt and demand verification from Cal Coast. *Id.* ¶ 21, 23. But his continued demands and dissatisfaction do not create new obligations under section 1681s-2(b). As Cupp notes in his complaint, a "furnisher need not honor a dispute received directly from the consumer." *Id.* ¶ 49. His complaint indicates that despite having already fulfilled its obligations under section 1681s-2(b), Cal Coast continued to attempt to

8

resolve the dispute with Cupp by providing additional verification on June 22, 2015. *Id.* ¶ 22. The fact that he was not satisfied with the results of Cal Coast's two investigations does not mean that Cal Coast failed to meet its obligations under the FCRA.

Further, Cupp has not alleged any facts indicating that the information Cal Coast reported was in fact inaccurate such that Cal Coast should have amended the information and provided notice to the CRAs. He is vague in his complaint, neglecting to provide any details about the alleged debt or the negative information at issue. The only details he provides regarding the dispute is to imply that some unknown debt was invalid because in involved an invoice from an "unknown vendor" to an "unknown purchaser." *Id.* ¶ 58. As discussed above, this invoice was in fact from "Brandon Tire" to "Cupp Brothers," parties that Cupp cannot plausibly assert are "unknown." As he has not pleaded any other facts indicating that the debt was invalid or that Cal Coast's information was in fact inaccurate, he has failed to demonstrate that Cal Coast should have removed, or was obligated to remove or amend, any information from its reporting.

Cupp has alleged no facts indicating that Cal Coast failed to investigate his dispute or report its findings to the CRAs within section 1681s-2(b)'s 30 day timeline. Instead, his complaint demonstrates that Cal Coast conducted such an investigation and made multiple attempts to address his concerns by providing him with verification on the debt. He has alleged no facts indicating that Cal Coast reported inaccurate information or that the underlying debt was invalid. Cupp has therefore not alleged facts sufficient to establish a violation of the FCRA and has not demonstrated standing to bring a claim under the act.

### IV. CUPP'S MOTION FOR DEFAULT JUDGMENT AGAINST CAL COAST

Because Cupp has not established standing to bring any claim against Cal Coast, his motion for a default judgment is DENIED. As a result, he will have to serve Cal Coast with his amended complaint, if he chooses to amend. This makes the default the Clerk entered earlier against Cal Coast, and Cal Coast's contention that the complaint was not properly served, moot. Accordingly, the default entered against Cal Coast by the Clerk is SET ASIDE and Cal Coast's motion to set aside the default is VACATED AS MOOT.

## V. LEAVE TO AMEND

Cupp is granted twenty days to file an amended complaint that addresses the deficiencies in his pleadings. I remind him of his responsibilities under Rule 11(b) of the Federal Rules of Civil Procedure. We are at the pleading stage of this case, and I make no factual findings and have no assumptions regarding what the evidence in this case might ultimately show. If Cupp chooses to amend, he should be sure that his factual contentions have evidentiary support or are reasonably based on his beliefs or lack of information; as indicated in this Order, they do not appear plausible as alleged and augmented by the documents referred to herein. In addition, I note the allegations from Cal Coast's lawyers that Cupp misled them with respect to the default proceedings. Dkt. No. 20, at 3; Berto Decl. ¶ 10-11 (Dkt. No. 20-1). Again, I make no findings regarding those allegations, but admonish all parties and their counsel that I expect integrity in their dealings with each other in this litigation.

## CONCLUSION

As discussed above, Cupp has failed to allege sufficient facts to establish standing on his FDCPA, Rosenthal Act, and FCRA claims. Accordingly, I GRANT Brandon's motion to dismiss Cupp's claims and DENY Cupp's motion for a default judgment because the court lacks subject matter jurisdiction to hear these claims. I SET ASIDE the default entered against Cal Coast, and VACATE AS MOOT Cal Coast's motion. Cupp will have leave to amend his complaint to attempt to plead sufficient facts to establish standing on these claims within twenty days.

**IT IS SO ORDERED**.

Dated: August 23, 2016

WILLIAM H. ORRICK
United States District Judge