Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
agriffith@ellislawgrp.com

Attorneys for Defendant CAL COAST CREDIT SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD CUPP,<br><br>        Plaintiff,<br><br>v.<br><br>CAL COAST CREDIT SERVICE, INC.,<br>BRANDON TIRE SUPPLY, INC.,<br><br>        Defendants. | Case No.: 3:16-cv-03485-WHO<br><br>**DEFENDANT CAL COAST CREDIT SERVICE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant CAL COAST CREDIT SERVICE, INC. (hereinafter "Defendant") hereby responds to Plaintiff RONALD CUPP's First Amended Complaint ("FAC") as follows:

1.   As to paragraph 1, Defendant was not properly served with the FAC. However, Defendant admits that it conducts business in California and that California has personal jurisdiction over it.

2.   As to paragraph 2, Defendant does not contest venue at this time.

3.   As to paragraph 3, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

4.   As to paragraph 4, Defendant admits these allegations. Defendant's agent for service of

- 1 -

process was not served with the FAC as required.

5. As to paragraph 5, Defendant denies that Plaintiff has standing to pursue these claims and further denies that Plaintiff suffered a concrete and particularized injury.

6. As to paragraph 6, Defendant admits that it is a debt collection agency.

7. As to paragraph 7, Defendant admits that it is a debt collection agency.

8. As to paragraph 8, Defendant denies these allegations.

9. As to paragraph 9, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

10. As to paragraph 10, Defendant denies these allegations.

11. As to paragraph 11, lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

12. As to paragraph 12, lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

13. As to paragraph 13, Defendant denies these allegations.

14. As to paragraph 14, lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein. Defendant denies that it inaccurately reported any information to the CRAs.

15. As to paragraph 15, Defendant denies these allegations.

16. As to paragraph 16, Defendant denies these allegations.

17. As to paragraph 17, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

18. As to paragraph 18, Defendant denies these allegations.

19. As to paragraph 19, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

20. As to paragraph 20, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

21. As to paragraph 21, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

22. As to paragraph 22, Defendant denies these allegations.

23. As to paragraph 23, Defendant denies these allegations.

24. As to paragraph 24, Defendant denies these allegations.

25. As to paragraph 25, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

26. As to paragraph 26, Defendant denies these allegations.

27. As to paragraph 27, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

28. As to paragraph 28, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

29. As to paragraph 29, Defendant denies these allegations.

30. As to paragraph 30, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

31. As to paragraph 31, Defendant denies these allegations.

32. As to paragraph 32, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

33. As to paragraph 33, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

34. As to paragraph 34, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

35. As to paragraph 35, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

36. As to paragraph 36, Defendant alleges and incorporates its responses to paragraphs 1 through 35 herein.

37. As to paragraph 37, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

38. As to paragraph 38, Defendant admits that it is a debt collector.

39. As to paragraph 39, Defendant denies these allegations.

40. As to paragraph 40, Defendant denies these allegations.

41. As to paragraph 41, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

42. As to paragraph 42, Defendant denies these allegations.

43. As to paragraph 42, Defendant denies these allegations.

44. As to paragraph 43, Defendant denies these allegations.

45. As to paragraph 45, Defendant denies these allegations.

46. As to paragraph 46, Defendant denies these allegations.

47. As to paragraph 47, Defendant alleges and incorporates its responses to paragraphs 1 through 46 herein.

48. As to paragraph 48, Defendant denies these allegations.

49. As to paragraph 49, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

50. As to paragraph 50, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

51. As to paragraph 51, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

52. As to paragraph 52, Defendant denies these allegations.

53. As to paragraph 53, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

54. As to paragraph 54, Defendant denies these allegations.

55. As to paragraph 55, Defendant alleges and incorporates its responses to paragraphs 1 through 55 herein.

56. As to paragraph 56, Defendant denies these allegations.

57. As to paragraph 57, Defendant admits that it is a furnisher of credit but denies all other allegations alleged herein.

58. As to paragraph 58, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

59. As to paragraph 59, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

60. As to paragraph 60, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

61. As to paragraph 61, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

62. As to paragraph 62, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

63. As to paragraph 63, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

64. As to paragraph 64, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

65. As to paragraph 65, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

66. As to paragraph 66, Defendant denies these allegations.

67. As to paragraph 67, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

68. As to paragraph 68, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

69. As to paragraph 69, Defendant denies these allegations.

70. As to paragraph 70, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

71. As to paragraph 71, Defendant denies these allegations.

72. As to paragraph 72, Defendant denies these allegations.

73. As to paragraph 73, Defendant denies these allegations.

74. As to paragraph 74, Defendant denies these allegations.

75. As to paragraph 75, Defendant denies these allegations.

76. As to paragraph 76, Defendant denies these allegations.

77. As to paragraph 77, Defendant denies these allegations.

78. As to paragraph 78, there is nothing in this paragraph which Defendant can admit or deny. The paragraph states an impermissible and argumentative legal conclusion.

79. As to paragraph 79, Defendant denies these allegations.

80. As to paragraph 80, Defendant denies these allegations.

81. As to paragraph 81, Defendant incorporates its responses to paragraphs 1 through 80 as though fully stated herein.

82. As to paragraph 82, Defendant denies these allegations.

83. As to paragraph 83, Defendant denies these allegations.

84. As to paragraph 84, Defendant lacks information and/or belief to admit or deny these allegations and, on that basis, denies the allegations alleged herein.

85. As to paragraph 85, Defendant denies these allegations.

86. As to paragraph 86, Defendant denies these allegations.

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the First Amended Complaint, and each cause of action therein, is barred in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that it has no civil liability under the FDCPA, 15 U.S.C. §§ 1692, *et seq.*, or Rosenthal FDCPA, California Civil Code §§ 1788, *et seq.*, pursuant to 15 U.S.C. § 1692k(c) and Civil Code § 1788.30(e) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

/ / /

/ / /

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has not suffered a concrete <u>and</u> particularized injury for the alleged violations of the FDCPA and Rosenthal FDCPA, so as to confer Article III standing upon him.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that its practices, particularly those pertinent to the allegations in Plaintiff's Amended Complaint, are or were lawful in that this answering Defendant has complied with any and all applicable statutes, regulations, and common law requirements.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that it has no civil liability under the Consumer Credit Reporting Agencies Act pursuant to Civil Code § 1785.25(g), as any alleged violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for:

1. That Plaintiff take nothing from this answering Defendant by this FAC;
2. That Defendant be awarded judgment in this action;
3. For attorneys' fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: November 15, 2016

ELLIS LAW GROUP, LLP

By  /s/ Amanda N. Griffith
Amanda N. Griffith
Attorney for Defendant
CAL COAST CREDIT SERVICE, INC.

## DEMAND FOR JURY TRIAL

Defendant CAL COAST CREDIT SERVICE, INC hereby demands a jury trial in this matter.

Dated: November 15, 2016

ELLIS LAW GROUP, LLP

By /s/ Amanda N. Griffith
Amanda N. Griffith
Attorney for Defendant
CAL COAST CREDIT SERVICE, INC.

DEFENDANT CAL COAST CREDIT SERVICE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On November 15, 2016, I served the following document(s) on the parties in the within action:

**DEFENDANT CAL COAST CREDIT SERVICE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL**

| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
|---|---|

| Ronald Cupp<br>150 Raley Town Center<br>Suite 2512<br>Rohnert Park, CA 94928 | Pro Se Plaintiff |
|---|---|

| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Patrick J. McNeil<br>McNeil, Silveira, Rice & Wiley<br>55 Professional Center Parkway<br>Suite A<br>San Rafael, CA 94903 | Attorneys for Defendant<br>Brandon Tire Supply, Inc. |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on November 15, 2016.

By: *(signed)* Jennifer E. Mueller